1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN L. BURRIS ESQ., SBN 69888
DEWITT M. LACY, ESQ., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DECORYAN WARNER, an individual,

　　　　　　　Plaintiff,

　　　vs.

CITY OF HAYWARD, a municipal corporation;
MICHAEL CRISTOL, individually and in his
capacity as an officer for the Hayward Police
Department; THOMAS SPILLNER, individually
and in his capacity as an officer for the Hayward
Police Department; JUSTIN FERREYRA,
individually and in his capacity as an officer for
the Hayward Police Department; ROBERT
MARTINEZ, individually and in his capacity as
an officer for the Hayward Police Department;
MICHAEL NGUYEN, individually and in his
capacity as an officer for the Hayward Police
Department; TREVOR VONNEGUT,
individually and in his capacity as an officer for
the Hayward Police Department; MUSA
ABEDRABBO, individually and in his capacity
as an officer for the Hayward Police Department;
CHRISTOPHER SUZUKI, individually and in
his capacity as an officer for the Hayward Police
Department; BRANDON TONG, individually
and in his capacity as an officer for the Hayward
Police Department; RAYMOND SISSON
,individually and in his capacity as an officer for
the Hayward Police Department; JEFFREY
SNELL, individually and in his capacity as an
officer for the Hayward Police Department and
DOES 1-10, inclusive, individually, jointly and

CASE NO.:

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983, 1988; and pendent tort
claims)

**JURY TRIAL DEMANDED**

severally,

                    Defendants.

## INTRODUCTION

1.      This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Sections 52.1, and under the common law of California. This action is against the CITY OF HAYWARD, OFFICERS MICHAEL CRISTOL, THOMAS SPILLNER, JUSTIN FERREYRA, ROBERT MARTINEZ, MICHAEL NGUYEN, TREVOR VONNEGUT, MUSA ABEDRABBO, CHRISTOPHER SUZUKI, BRANDON TONG, RAYMOND SISSON, and JEFFREY SNELL of the Hayward Police Department and DOES 1-10.

2.      It is also alleged that these violations and torts were committed due to the actions of the above mentioned Officers of the Hayward Police Department.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Hayward, California which is within the jurisdictional boundaries of this court. The damages sought are within the jurisdictional limits of this court.

## PARTIES

4.      DECORYAN WARNER (hereinafter "WARNER"), a resident of Hayward and a United States Citizen.

5.      CITY OF HAYWARD (hereinafter "CITY"), is and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California.

6.      At all times herein mentioned, Defendant, MICHAEL CRISTOL (hereinafter " CRISTOL"), at all times mentioned herein, was a Police Officer for the Hayward Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police Department.

1        7.     At all times herein mentioned, Defendant, THOMAS SPILLNER (hereinafter "

2   SPILLNER"), at all times mentioned herein, was a Police Officer for the Hayward Police

3   Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward

4   Police Department.

5        8.     At all times herein mentioned, Defendant, JUSTIN FERREYRA (hereinafter "

6   FERREYRA"), at all times mentioned herein, was a Police Officer for the Hayward Police

7   Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward

8   Police Department.

9        9.     At all times herein mentioned, Defendant, ROBERT MARTINEZ (hereinafter "

10  MARTINEZ"), at all times mentioned herein, was a Police Officer for the Hayward Police

11  Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward

12  Police Department.

13       10.     At all times herein mentioned, Defendant, MICHAEL NGUYEN (hereinafter "

14  NGUYEN"), at all times mentioned herein, was a Police Officer for the Hayward Police Department,

15  and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police

16  Department.

17       11.     At all times herein mentioned, Defendant, TREVOR VONNEGUT (hereinafter "

18  VONNEGUT"), at all times mentioned herein, was a Police Officer for the Hayward Police

19  Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward

20  Police Department.

21       12.     At all times herein mentioned, Defendant, MUSA ABEDRABBO (hereinafter "

22  ABEDRABBO"), at all times mentioned herein, was a Police Officer for the Hayward Police

23  Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward

24  Police Department.

25       13.     At all times herein mentioned, Defendant, CHRISTOPHER SUZUKI (hereinafter "

26  SUZUKI"), at all times mentioned herein, was a Police Officer for the Hayward Police Department,

27  and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police

28  Department.

14.     At all times herein mentioned, Defendant, BRANDON TONG (hereinafter "TONG"), at all times mentioned herein, was a Police Officer for the Hayward Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police Department.

15.     At all times herein mentioned, Defendant, RAYMOND SISSON (hereinafter " SISSON"), at all times mentioned herein, was a Police Officer for the Hayward Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police Department.

16.     At all times herein mentioned, Defendant, JEFFREY SNELL (hereinafter "SNELL"), at all times mentioned herein, was a Police Officer for the Hayward Police Department, and is sued in his individual capacity, and in his capacity as an officer of the Hayward Police Department.

17.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-10, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

18.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiff filed a state claim within the six-month statute of limitations.

## STATEMENT OF FACTS

19.     The incident took place on March 16, 2014 between the hours of 10:00p.m and 12:00 a.m. at 23287 Foley Street in Hayward California.

20.     WARNER was sitting in the driveway of his employer's business when a yet to be identified Hayward police officer pulled up alongside his car.

21.     The officer aimed a spotlight at the driver's side window of WARNER's car.

22.     WARNER attempted to get out of the car.

23.     The officer then aimed his gun at WARNER and instructed him to get back in his car.

24.     WARNER complied with the officer's demand.

25.     Shortly thereafter, two other officers arrived.  WARNER was then instructed to get out of his car and walk towards the officers.

26.     One officer grabbed WARNER's right hand and placed it behind his back.  At the same time, the officer placed his knee on WARNER's back.  This action caused WARNER to fall face-forward and slam his chin on the cement.

27.      CRISTOL released a Hayward Police department K-9 officer on WARNER. The K-9 officer attacked the left side of WARNER's body and used its teeth to tear at WARNER's arm.

28.     After the vicious attack, WARNER was taken to the hospital. WARNER received ten stitches on his left arm and elbow. He was also treated for the injury to his chin.

## DAMAGES

29.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

30.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution- Unreasonable Seizure**

**(42 U.S.C. §1983)**

**(PLAINTIFF v. ALL DEFENDANT OFFICERS)**

31.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

1    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

2                          **SECOND CAUSE OF ACTION**

3                          **Unlawful Use of Excessive Force**

4                              **(42 U.S.C. §1983)**

5                    **(PLAINTIFF v. ALL DEFENDANT OFFICERS)**

6        33.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this

7    Complaint.

8        34.    Defendant violated Plaintiff's right as provided for under the Fourth Amendment to

9    the United States Constitution to be free from excessive force and/or the arbitrary and/or

10   unreasonable use of force against him when Defendants kneed and unnecessarily released a K9

11   officer, which bit Plaintiff about the body and left arm.

12       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

13                          **THIRD CAUSE OF ACTION**

14                  **(Violation of CALIFORNIA CIVIL CODE §52.1)**

15                       **(PLAINTIFF v. ALL DEFENDANTS)**

16       35.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this

17   Complaint.

18       36.    Defendants' above-described conduct constituted interference, and

19       attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable

20   exercise and enjoyment of rights secured by the Constitution and laws of the United States and the

21   State of California, in violation of California Civil Code §52.1.

22       37.    As a direct and proximate result of Defendants' violation of Civil Code § 52.1,

23   Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

24       38.    Plaintiff is entitled to injunctive relief and an award of his

25       reasonable attorney's fees pursuant to Civil Code § 52.1(h).

26       39.    Plaintiff is entitled to treble damages, but in no case less than

27       $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

28       40.    Under the provisions of California Civil Code §52(b), Defendants are liable

for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(PLAINTIFF v. ALL DEFENDANTS)**

41.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42.     Defendants' above-described conduct was extreme, unreasonable and outrageous.

43.     In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

**(Assault And Battery)**

**(PLAINTIFF v. ALL DEFENDANTS)**

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this complaint.

45.      Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**(False Arrest and Imprisonment)**

**(PLAINTIFF v. ALL DEFENDANTS)**

46.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47.      Defendants' above-described conduct constituted a false imprisonment of Plaintiff.

1    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

2

3    ## SEVENTH CAUSE OF ACTION

4    **(Negligence)**

5    **(PLAINTIFF v. ALL DEFENDANTS)**

6    48.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 47 of

7    this complaint.

8    49.    At all times herein mentioned, Defendant Officers and DOES 1- 10, inclusive,

9    breached a duty of reasonable care to avoid causing unnecessary physical harm and distress to

10   Plaintiff by their use of excessive force in arresting Plaintiff.  The wrongful conduct of Defendants,

11   as set forth herein, breached the standard of care to be exercised by reasonable persons and

12   proximately caused Plaintiff to suffer injuries.

13   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

14

15   ## EIGHT CAUSE OF ACTION

16   **(Negligent Infliction of Emotional Distress)**

17   **(PLAINTIFF v. ALL DEFENDANTS)**

18   50.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 49 of

19   this Complaint.

20   51.    The wrongful conduct of Defendants' as set forth herein, constitutes negligent conduct

21   done with conscious disregard for the rights of Plaintiff.

22   52.    As a proximate result of said Defendants' conduct, Plaintiff suffered severe emotional

23   and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

24   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

25

26   ## JURY DEMAND

27   53.    Plaintiff hereby demands a jury trial in this action.

28

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages according to proof;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.    For cost of suit herein incurred; and

6.    For injunctive relief enjoining Defendant  from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant  from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

7.    For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8.    For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

9.    For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  March 23, 2015                       _/s/ DeWitt Lacy_____
                                             DeWitt Lacy

                                             Attorney for Plaintiff
                                             DECORYAN WARNER